**AMENDED**      UNITED STATES DISTRICT COURT      **AMENDED**  
FOR THE  
SOUTHERN DISTRICT OF CALIFORNIA

**Petition for Warrant or Summons for Offender Under Supervision**

**Name of Offender:** Edward Chavez-Salazar (English)      **Dkt. No.:** 22CR02779-001-DMS

**Reg. No.:** 30947-510

**Name of Sentencing Judicial Officer:** The Honorable Dana M. Sabraw, Chief U.S. District Judge

**Original Offense:** 8, U.S.C., § 1324(a)(1)(A)(ii), Transportation of Certain Aliens and Aiding and Abetting, a Class D Felony.

**Date of Sentence:** March 24, 2023

**Sentence:** 3 months' custody; 2 years' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Modification:** On September 25, 2023, Mr. Chavez-Salazar's conditions of supervised release were modified to include that Mr. Chavez-Salazar participate in a program of drug or alcohol abuse treatment, including drug testing and counseling, as directed by the probation officer. On January 2, 2024, Mr. Chavez-Salazar's conditions of supervised release were modified to include a 90-day punitive placement at a Residential Reentry Center (RRC).

| | |
|---|---|
| **Type of Supervision:** Supervised Release | **Date Supervision Commenced:** July 7, 2023 |
| **Asst. U.S. Atty.:** George Manahan | **Defense Counsel:** Matthew Luevano, Fed. Defs., Inc. (Appointed) (619) 810-2022 |

**Prior Violation History:** Yes. See prior court correspondence.

---

**PETITIONING THE COURT**

**TO ISSUE A NO BAIL BENCH WARRANT AND AMEND THE ORIGINAL ORDER TO SHOW CAUSE DATED, JANUARY 18, 2024, TO INCLUDE THE FOLLOWING ALLEGATIONS**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Mandatory Condition)**<br>Not commit another federal, state, or local crime. | 11. On or about April 19, 2024, Mr. Chavez-Salazar committed corporal injury on spouse/cohabitant/dating relationship, in violation of California Penal Code § 273.5(a), as evidenced by Calexico Police Department Incident Report No. 24-003887. |
| | 12. On or about April 19, and May 7, 2024, Mr. Chavez-Salazar violated a court-ordered protection order, in violation of California Penal Code § 273.6(B), as evidenced by Calexico Police Department Incident Report No. 24-003887. |

***Grounds for Revocation:*** As to allegations 11, and 12, I have received and reviewed Calexico Police Department (CLXPD), Incident Report No. 24-003887, which confirms that on May 7, 2024, CLXPD Officer Monninger (Officer Monninger) was dispatched to the station's front counter regarding a report of a violation of a temporary restraining order. Officer Monninger met with Gabriela Castro (Ms. Castro), who related she was Mr. Chavez-Salazar's ex-spouse/partner. She reported that on May 7, 2024, Mr. Chavez-Salazar had been stalking her while at school (Center for Employment Training Center) in El Centro, California. According to Ms. Castro, this happened after Mr. Chavez-Salazar sent her multiple text messages, threatening her to "watch her back," as he (Mr. Chavez-Salazar) would be waiting for her. Ms. Castro stated given Mr. Chavez-Salazar's threats, she felt uncomfortable going to school and said the number of messages and calls from Mr. Chavez-Salazar were approximately eighty messages/texts on a given night. Ms. Castro reportedly stated Mr. Chavez-Salazar would utilize private/restricted numbers to circumvent the caller identification blocking feature.

Moreover, Ms. Castro stated that on April 19, 2024, while at her place of residence, Mr. Chavez-Salazar entered her home without permission. Ms. Castro stated Mr. Chavez-Salazar was able to enter the home through an open door, which Ms. Castro normally opens and leaves open while cooking due to the poor ventilation in her home. Ms. Castro stated Mr. Chavez-Salazar attacked her, pinning her to the bed as well as choking and slapping her with such force that it left a mark on her face. According to Ms. Castro's recollection, Mr. Chavez-Salazar held her arms and squeezed them with such force it left marks on her arms as well. Ms. Castro later noticed marks on her neck, sustained from Mr. Chavez-Salazar choking her. Ms. Castro added she feared for her life, as Mr. Chavez-Salazar threatened to "kill" her, and she believed Mr. Chavez-Salazar is capable of doing it.

The officer noted Mr. Chavez-Salazar is the restricted party in a temporary restricting order in which Ms. Castro is the protected party. Ms. Castro declined to press charges against Mr. Chavez-Salazar; thus, Officer Monninger provided Ms. Castro with domestic violence resource information and processed the report, pending submission to the Imperial County District Attorney's Office for prosecution.

On June 10, 2024, the undersigned contacted the Imperial County District Attorney's Office, who informed the undersigned the above-mentioned incident report has not yet been received and/or submitted by the Calexico Police Department.

**(Mandatory Condition)**
The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court.

13. On or about April 22, and 25, 2024, Mr. Chavez-Salazar used a controlled substance, as evidenced by the urine specimens he submitted at the U.S. Probation Office, which confirmed positive for benzoylecgonine-cocaine metabolite.

14. On or about May 3, 2024, Mr. Chavez-Salazar used a controlled substance, as evidenced by the urine specimen he submitted at the U.S. Probation Office, which confirmed positive for benzoylecgonine-cocaine and marijuana metabolite.

*Grounds for Revocation:* As to allegation 13, I have received and reviewed written laboratory notification from Alere Toxicology Services, which verifies the urine specimens provided by Mr. Chavez-Salazar on April 22, and 25, 2024, confirmed positive for benzoylecgonine-cocaine metabolite.

As to allegation 14, I have received and reviewed written laboratory notification from Alere Toxicology Services, which verifies the urine specimen provided by Mr. Chavez-Salazar on May 3, 2024, confirmed positive for benzoylecgonine-cocaine and marijuana metabolite.

**AMENDED        VIOLATION SENTENCING SUMMARY        AMENDED**

**SUPERVISION ADJUSTMENT**

On January 18, 2024, the probation officer submitted a petition for warrant, alleging Mr. Chavez-Salazar committed new law violations, used marijuana, and failed to submit to drug testing. On January 22, 2024, The Court issued a warrant for Mr. Chavez-Salazar's arrest; he was arrested on the warrant on January 24, 2024. On April 12, 2024, the Court released Mr. Chavez-Salazar on bond, pending revocation proceedings in this matter. A revocation hearing is current set for June 14, 2024, at 10:00 a.m.

Following his release from custody, Mr. Chavez-Salazar reported for supervision as ordered by the Court. Although he vowed to remain compliant with supervision and maintain his sobriety, pending his upcoming revocation sentencing proceedings, Mr. Chavez-Salazar resumed his illicit drug use one week after his release on bond. Mr. Chavez-Salazar also engaged in alleged new criminal activity by committing yet another violent crime. It is noted Mr. Chavez-Salazar committed this violent crime after the Court admonished and advised him of the consequences should he fail to comply with supervision and/or refrain from new criminal activity/conduct while on bond. Lastly, on May 29, 2024, Mr. Chavez-Salazar reported to the U.S. Probation Office and submitted a urine specimen which presumptively screened positive for cannabinoids and cocaine metabolite. The positive drug test result has been submitted to the laboratory for further analysis and is pending confirmation.

**OFFENDER PERSONAL HISTORY/CHARACTERISTICS**

Mr. Chavez-Salazar is a 26-year-old male, who is the father of two children and last reported residing with his mother in Calexico, California. Regarding his substance abuse history, Mr. Chavez-Salazar suffers a marijuana addiction, which apparently, has progressed to a cocaine addiction and to him engaging in violent criminal conduct.

## SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: USSG §7B1.1(b), p.s., indicates that where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. In this case the most serious conduct involves a crime of violence which constitutes a Grade A violation. USSG §7B1.1(a)(1)(A)(i), p.s.

Upon a finding of a Grade A violation the court shall revoke supervised release. USSG §7B1.3(a)(1), p.s.

A Grade A violation with a Criminal History Category II (determined at the time of sentencing) establishes an **imprisonment range of 15 to 21 months.** USSG § 7B1.4, p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

Finally, if supervised release is revoked and a term of imprisonment is imposed, the court shall order that the term of imprisonment be served consecutively to any sentence of imprisonment the offender may be serving. USSG §7B1.3(f), p.s.

### JUSTIFICATION FOR BENCH WARRANT

Mr. Chavez-Salazar used drugs and engaged in reckless and violent behavior within days of his release on bond and while awaiting revocation proceedings in this matter. Mr. Chavez-Salazar appears undaunted by the prospect of incarceration and is deemed a risk to the community. As such, a warrant for his arrest is recommended to ensure the protection of the community.

**RECOMMENDATION**

Given Mr. Chavez-Salazar's egregious breach of the Court's trust, particularly since he committed a new law violation and continued using illicit substances while released on bond, the probation officer respectfully recommends the Court issue a no-bail bench warrant in this matter. If the additional allegations of noncompliance are sustained, it is respectfully recommended Mr. Chavez-Salazar's supervised release be revoked and that Mr. Chavez-Salazar be sentenced to 15 months of imprisonment (the low end of the guideline range), consecutive to any other term being served. It is also recommended that custody be followed by a 21-month term of supervised release, under the conditions previously imposed. Finally, it is recommended Mr. Chavez-Salazar be ordered to enroll in and successfully complete a residential drug treatment program, as directed by the probation officer, and that he be ordered to enroll in and complete a program of anger management, as directed by the probation officer. Perhaps a significant term of incarceration will help Mr. Chavez-Salazar attain sobriety and motivate him to commit to his rehabilitation and address his anger issues.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: June 10, 2024**

Respectfully submitted:
JENNIFER K. WALKER
CHIEF PROBATION OFFICER

by _____
Ruben A. Sandoval
U.S. Probation Officer
(760) 339-4206

Reviewed and approved:

_____
Lorena Gonzalez
Supervisory U.S. Probation Officer

PROB12CW                                                                    June 10, 2024

# AMENDED      VIOLATION SENTENCING SUMMARY      AMENDED

1. **Defendant:** Chavez-Salazar, Edward

2. **Docket No.** (Year-Sequence-Defendant No.)**:** 22CR02779-001-DMS

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

    | Violation(s) | Grade |
    |---|---|
    | Burglary | B |
    | Battery | C |
    | Vandalism | C |
    | Drug use | C |
    | Failure to appear for drug testing | C |
    | Corporal Injury on Spouse/Cohabitant/Dating Relationship | A |
    | Violation of domestic violence protection order | C |
    | Drug use | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))  [ A ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))  [ II ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))  [ 15 to 21 months ]

7. **Unsatisfied Conditions of Original Sentence**: List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

    | | | | |
    |---|---|---|---|
    | Restitution ($) | | Community Confinement | |
    | Fine($) | | Home Detention | |
    | Other | | Intermittent Confinement | |

**THE COURT ORDERS:**

[X] THE ORIGINAL ORDER TO SHOW CAUSE DATED JANUARY 18, 2024, BE AMENDED TO INCLUDE THE ABOVE ADDITIONAL ALLEGATIONS, AND A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

[ ] Other

_____  June 12, 2024
The Honorable Dana M. Sabraw  Date
Chief U.S. District Judge